IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MONNIE BRONCHO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 09-0097-E-CWD |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| SIXTH JUDICIAL DISTRICT, | ) | |
| STATE OF IDAHO, | ) | |
| PWCC, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Idaho state prisoner Monnie Broncho has filed a Petition for Writ of Habeas

Corpus with this Court under 28 U.S.C. § 2254.  The Court is required to screen all

habeas petitions upon receipt to determine whether they are subject to summary dismissal.

*See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary

dismissal is appropriate where "it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id.*

## BACKGROUND

Petitioner pleaded guilty in state court to aggravated battery, felony driving under

the influence (DUI), and escape.  The trial court sentenced her to consecutive terms of

fifteen years in prison with the first five years fixed for aggravated battery, five years with

two years fixed for DUI, and five years with one year fixed for escape.  The court later

**INITIAL REVIEW ORDER - 1**

modified its order, on Petitioner's motion, and allowed her to serve her sentences concurrently.

In her Petition for Writ of Habeas Corpus, Petitioner contends that she was deprived of her Sixth and Fourteenth Amendment rights to the effective assistance of counsel.   (Docket No. 3, p. 2.)

## REVIEW OF THE PETITION

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  After reviewing the Petition in this case, the Court finds that Petitioner has raised cognizable habeas claims, but it is unclear whether she has satisfied the necessary procedural requirements to have her claims heard on the merits.  In particular, it appears that she has not properly exhausted her state court remedies, but the Court lacks sufficient information to make a conclusive determination on that issue at this time.  Accordingly, the Clerk of Court shall serve a copy of the Petition and its attachments on Respondent, who shall file an answer or other appropriate responsive motion within 60 days of the date of this Order.  Respondent shall also supply the relevant portions of the state court record.

Petitioner should be aware of the following standards of law, which may be applicable to this case, depending on the facts and circumstances.

**INITIAL REVIEW ORDER - 2**

(1)     Statute of Limitations

The Petition is governed by the provisions of the Anti-Terrorism and Effective

Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of

limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

The one-year period  begins to run from the date of one of four triggering events, as

specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the

date upon which the judgment became final, either after the direct appeal or after the time

for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of  "[t]he

time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §

2244(d)(2).  Thus, to the extent that Petitioner properly filed an application for post-

conviction relief in state court, or other collateral review, the time that the application was

pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when extraordinary

circumstances prevented the petitioner from filing on time ("equitable tolling").  *See, e.g.,*

*Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking

equitable tolling bears the burden of establishing (1) that she has been pursuing her rights

diligently, and (2) that some extraordinary circumstance stood in her way.  *Pace v.*

*DeGuglielmo*, 544 U.S. 408, 418 (2005).

**INITIAL REVIEW ORDER - 3**

(2)     Exhaustion and Procedural Default

In addition to satisfying AEDPA's statute of limitations, a petitioner must also

have "exhausted" her state court remedies before including a claim in a federal habeas

petition.  28 U.S.C. § 2254(b).  To exhaust a claim properly, the petitioner must first have

fairly presented it to the highest state court for review in a procedurally proper manner

under state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a

petitioner has exhausted her state court remedies relative to a particular claim, a federal

district court cannot grant relief on that claim, although it does have the discretion to deny

the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically

exhausted, but not *properly* exhausted, if she failed to pursue a federal claim in state court

and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also

be considered exhausted, though not properly exhausted, if a petitioner raised a federal

claim in state court, but the state court rejected the claim on a clearly expressed and

consistently applied state procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-

732 (1991).  Under these circumstances, the claim is considered to have been

"procedurally defaulted."  *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will

not be heard in federal court unless the petitioner shows either that there was legitimate

cause for the default and that prejudice resulted from the default, or, alternatively, the

**INITIAL REVIEW ORDER - 4**

petitioner is actually innocent, and that there will be a miscarriage of justice if the federal

claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate

that some objective factor external to the defense impeded her or her counsel's efforts to

comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488

(1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that

the errors [in her proceeding] constituted a possibility of prejudice, but that they worked

to [her] actual and substantial disadvantage, infecting [her] entire [proceeding] with errors

of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for her procedural default, she can

still bring the claim in a federal habeas petition if he demonstrates that failure to consider

the claim will result in a "fundamental miscarriage of justice," which means that a

constitutional violation has probably resulted in the conviction of someone who is

actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a

petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506

U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial

which tends to show her innocence, the Court must then determine whether, "in light of

the new evidence, no juror, acting reasonably, would have voted to find [the defendant]

guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Upon such

a showing, a petitioner may proceed with her claims, provided that her claim of actual

**INITIAL REVIEW ORDER - 5**

innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

(3)    Claims Proceeding on Merits

For any of Petitioner's claims that survive these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application to Proceed In Forma Pauperis (Docket No. 1) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's request for the appointment of counsel, contained within her Petition, is DENIED without prejudice. The Court will reconsider appointing counsel later in this action, if necessary.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve (via ECF) a copy of the Petition, with exhibits, together with a copy of this Order, on L. LaMont Anderson at his registered ECF address. If service of the Petition has previously been made to the Idaho Attorney General via the ECF system, the Clerk of Court need not

**INITIAL REVIEW ORDER - 6**

send an additional copy of the Petition with the copy of the Order, but shall provide one if requested by the Idaho Attorney General upon receipt of the Order.

IT IS FURTHER ORDERED that Respondent shall file an answer or other appropriate responsive motion within 60 days after the entry of this Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.  Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a response to the motion within 30 days after service of the motion.  Respondent may file a reply within 14 days after service of the response.  The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of additional pleadings.

IT IS FURTHER ORDERED that if Respondent opts to file an answer to the Petition under Rule 5 of the Rules Governing Section 2254 Cases, the parties shall file all dispositive motions within 30 days after the answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

**INITIAL REVIEW ORDER - 7**

IT IS FURTHER ORDERED that these deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.  Failure to do so may result in dismissal.

DATED:  May 18, 2009

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 8**