IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MONNIE BRONCHO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 09-0097-E-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| BRIAN UNDERWOOD, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent.[1] | ) | |
| _____ | ) | |

Currently pending before the Court in this habeas matter is Respondent's

Motion for Summary Dismissal.  (Docket No. 7.)  The Court finds that the parties

have adequately presented the facts and legal argument in their briefing, and this

matter shall be resolved on the written record without oral argument.  D. Idaho L.

Civil R. 7.1(d).  For the reasons that follow, the Court will grant Respondent's

Motion, and this case shall be dismissed.

## BACKGROUND

In 2003, Petitioner pled guilty to a charge of escape from custody.  (State's

Lodgings A-18, A-19.)  The district court sentenced her to five years in prison with

---

[1] Petitioner has incorrectly listed as Respondents the Sixth Judicial District, State of Idaho, and PWCC (Pocatello Women's Correctional Facility).  The Court takes judicial notice that Brian Underwood is the Warden at PWCC, and he shall be substituted as the proper Respondent in this matter.

**ORDER - 1**

one year fixed, but then suspended the prison sentence and placed her on probation.  (State's Lodging A-17.)

Within months, Petitioner was charged with new crimes.  (State's Lodgings B-2, B-8, B-9.)  She pled guilty to felony driving under the influence (DUI), after which her probation was revoked in the first case and she was sent to the Idaho Department of Correction to serve a concurrent 180-day "rider" in both cases. (State's Lodgings A-28, B-15.)  After completing her rider, she was released on probation.  (State's Lodgings A-30, B-16.)

Approximately a year later, Petitioner was charged again with new felonies, and she eventually pled guilty to aggravated battery on a law enforcement officer in exchange for the dismissal of other counts.  (State's Lodgings C-16, C-17.)  In that case, the district court sentenced her to a prison term of fifteen years, with the first five years fixed.  (State's Lodgings B-24, C-1.)

Petitioner's probation was revoked in her other cases, and the original sentences of one to five years for escape and two to five years for felony DUI were re-imposed, with credit for time served.  (State's Lodgings A-35, A-36, B-24.)  On Petitioner's motion, the district court later modified its judgment in the aggravated battery case, which allowed her to serve her sentences concurrently.  (State's Lodging B-29, C-23.)

**ORDER - 2**

Petitioner has not appealed from any state court order or judgment in these cases.

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on March 4, 2009, alleging that she was deprived of her Sixth and Fourteenth Amendment rights to the effective assistance of counsel because her appointed attorney in the aggravated battery and felony DUI cases failed to file an Idaho Criminal Rule 35 Motion for Reduction of Sentence and failed to appeal to the Idaho Supreme Court. (Docket No. 3, p. 2.)

Chief United States Magistrate Judge Candy W. Dale conducted an initial review of the Petition and ordered Respondent to file an answer or an appropriate pre-answer motion to dismiss. (Docket No. 5.) Respondent has now done so by submitting the pending Motion for Summary Dismissal, and the case was reassigned to the undersigned District Judge for resolution of the Motion because not all parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 16.)

Respondent argues that Petitioner filed the Petition outside of the one-year statute of limitations for habeas actions. In the alternative, Respondent contends that Petitioner has not fairly presented her claims in the Idaho Supreme Court, and because the time to do so has passed, they must be dismissed as procedurally defaulted. (Docket No. 10, p. 12.)

**ORDER - 3**

The Court finds that Respondent's procedural default defense is straightforward and meritorious on this record, and it will summarily dismiss the Petition on that basis without reaching the statute of limitations issue.

## STANDARD OF LAW

### Summary Dismissal Standard

Rule 4 of the Rules Governing Section 2254 Cases authorizes a federal court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

When a court is considering a motion to dismiss, it may look beyond the pleadings to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

### Exhaustion and Procedural Default

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties

**ORDER - 4**

of the United States.  28 U.S.C. § 2254(a).   Before coming to federal court,

however, a petitioner must first exhaust all potential remedies in state court.  28

U.S.C. § 2254(b)(1)(A).  This requirement is designed to promote comity and

federalism by giving the state courts an initial opportunity to correct constitutional

errors.  *Duncan v. Walker*, 513 U.S. 364, 365 (1995).

A federal court must determine not only whether a petitioner exhausted her

remedies, meaning that no opportunities to raise a constitutional claim remains

available in state court, but also whether the petitioner exhausted those remedies

*properly.  O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To do so, the

petitioner must have fairly presented the alleged constitutional error at each level

of state appellate review, alerting the state courts of the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  If a state's appellate system includes the

possibility of discretionary review in the highest state court, then to comply with

the requirement of fair presentation, the constitutional claim must be raised in a

petition for review.  *Boerckel*, 526 U.S. 838, 845.

The failure to present a claim in state court will result in a procedural default

if it is clear that the petitioner would now be barred from raising the claim under

the state's procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161 (1996).  A

procedurally defaulted claim cannot be considered in a habeas proceeding unless

**ORDER - 5**

the petitioner can establish cause for his default and actual prejudice flowing from the constitutional error, or can show a miscarriage of justice, which means that the petitioner is probably innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded her or her counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to [her] actual and substantial disadvantage, infecting [her] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

It is clear from a review of the state court record in the present case that Petitioner has never raised her current claims of ineffective assistance of counsel in the Idaho Supreme Court. In fact, she has not appealed from any of the district court's various orders in her relevant state court cases. Because it is now too late to return and raise these claims now, they are procedurally defaulted. *See* Idaho Code § 19-4902(a) (post-conviction petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal).

**ORDER - 6**

In an attempt to excuse her default, Petitioner contends that she instructed her counsel to appeal and he failed to do so.  She appears to be offering ineffective assistance of counsel both as the cause for her procedural default and as the substantive claim for relief.  Under certain circumstances, a claim of ineffective assistance of counsel can serve as cause, but only if the claim is itself properly exhausted and free of procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000).  Because no claims of ineffective assistance of counsel have been raised in the Idaho Supreme Court, under *Edwards* they cannot supply a conduit through which the merits will be heard on habeas review.

In a related argument, Petitioner appears to assert that because the state district court granted her Rule 35 Motion, allowing her to serve her sentences concurrently, and because she argued ineffective assistance of counsel in that Motion, she has proven that her counsel was ineffective and has exhausted the claim.  The Court is not persuaded by this argument.  To the extent that the state district court allowed her to file an otherwise untimely Rule 35 Motion because the court believed that counsel was ineffective in not doing so earlier, Petitioner would have already received all the relief to which she was entitled on that particular claim—that is, consideration of the Rule 35 Motion on the merits—and there would be no live case or controversy in this proceeding.  To the extent that she did

**ORDER - 7**

not receive the relief that she wanted, or the ineffectiveness claim covered more ground than just the Rule 35 issue, then she was required to raise the issue in the Idaho Supreme Court in a procedurally proper manner before coming to federal court, which she has not done.

Petitioner also suggests that any default should be excused because the legal resources available at the prison are limited, and a prisoner is unreasonably expected to know which materials to request from the prison paralegal. Notably, Petitioner does not allege that pertinent legal material was absent or unavailable to her. *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (holding that the absence of relevant statutes may equitably toll the limitations period). Instead, she claims that she was unaware of the steps she needed to take in order to do to vindicate her rights, and that she was not offered help. (Docket No. 13, p. 3; Docket No. 15, p. 2.) Prisons are not obligated, however, to stock full law libraries or to give legal advice; the Constitution requires only that prisons provide inmates with minimal assistance for access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). In addition, a lack of legal knowledge is not uncommon among an inmate population, and ignorance of the law will not excuse the failure to comply with the State's procedural rules for raising claims in an appropriate time and

**ORDER - 8**

manner.  *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (pro se status is not cause).

Accordingly, Respondent's Motion for Summary Dismissal shall be granted, and this case shall be dismissed.

### CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.  A habeas petitioner cannot appeal unless a COA has been issued.  28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not debate the Court's determination that Petitioner's claims are procedurally defaulted, and no COA

**ORDER - 9**

shall issue.  Petitioner is advised that she may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1.  To do so, she must file a timely notice of appeal in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall substitute Brian Underwood, Warden, as the proper Respondent in this matter.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 7) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this case.  If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED:  **March 15, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 10**